**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel DE JESUS, Defendant– Appellant.**

No. 01–50345.

D.C. No. CR–01–00163–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided May 20, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

### MEMORANDUM [1]

Defendant–Appellant Daniel De Jesus ("De Jesus") appeals his conviction and sentence for knowing or intentional possession of, with intent to distribute, a con-

---

6. *See Ledford v. Gutoski,* 319 Or. 397, 877 P.2d 80, 85 (1994).

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

trolled substance under 21 U.S.C. § 841(a)(1), and for knowing or intentional importation of a controlled substance under 21 U.S.C. §§ 952(a) and 960(a)(1). De Jesus was found with 33.55 kilograms of marijuana in his car and sentenced to twenty-one months' imprisonment.

De Jesus claims that the district court should have granted his motion for a mistrial because the prosecutor committed misconduct by addressing a series of questions to a government agent that attempted to elicit hearsay statements which conveyed the impression that a companion of De Jesus had implicated him in the charged offenses. To cure any possible prejudice that may have resulted from the alleged misconduct, a stipulation prepared by defense counsel was read to the jury. Because the stipulation served as a cautionary instruction and cured any prejudice to De Jesus, the district court did not abuse its discretion in denying De Jesus's motion for a mistrial.

De Jesus also argues that the government failed to prove that he imported marijuana into the United States, as required by 21 U.S.C. §§ 952 and 960, because he was apprehended at the border and never entered the United States. We have expressly rejected this argument. *See United States v. Carranza*, 289 F.3d 634, ——, *6 (9th Cir.2002).

De Jesus next argues that §§ 841 and 960 are facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have recently held that §§ 841 and 960 are constitutional. *See United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc) (section 841 is constitutional); *United States v. Mendoza–Paz*, 286 F.3d 1104

(9th Cir.2002) (section 960 is constitutional).

Finally, we recently rejected an as-applied challenge with almost identical facts because the defendant was not exposed to the maximum sentence permitted by §§ 841 and 960, which was sixty months. *See Mendoza–Paz*, 286 F.3d at 1110 (rejecting as-applied challenge to §§ 841 and 960 by defendant sentenced to twenty-one months for 34.32 kilograms of marijuana). We now reject De Jesus's as-applied challenge because his sentence does not exceed the statutory maximum.

AFFIRMED.